Eastern District of Kentucky
FILED
OCT 20 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

CIVIL ACTION NO. 06-CV-341-KSF

JEFFREY JAMES MASTERS, JR.　　　　　　　　　　　　　　　　　　PETITIONER

VS:　　　　　　**MEMORANDUM OPINION AND ORDER**

STEVEN DEWALT　　　　　　　　　　　　　　　　　　　　　　　　RESPONDENT

　　　　Jeffrey James Masters, Jr., an individual incarcerated at the Federal Medical Center in Lexington, Kentucky, has filed this habeas corpus petition pursuant to 28 U.S.C. §2241 [Record No. 1]. This matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Upon initial screening, the allegations in the petition are taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action is frivolous or malicious, or fails to state a claim upon which relief can be granted.

## BACKGROUND

　　　　On February 28, 2003, a jury found Masters guilty of possessing an unregistered explosive device in violation of 26 U.S.C. §5861(d) and 5871, and he was sentenced to a 78-month term of incarceration to be followed by a three-year term of supervised release. *United States v. Masters*, 02-CR-32, Northern District of Georgia [Record Nos. 98, 103 therein].

　　　　In his petition, Masters asserts that the respondent has acted arbitrarily and capriciously by classifying his conviction as one involving a "crime of violence," thereby requiring the Bureau of Prisons ("BOP") to notify state and local law enforcement officials at least five days prior to his

release pursuant to 18 U.S.C. §4042(b). Masters also complains regarding the limited visitation and phone access at the Secured Housing Unit ("SHU"), alleges that prison staff have filed false disciplinary charges against him, and alleges that prison staff have held on to grievance forms he wished to file until they became untimely.

On June 14, 2006, Masters filed an Inmate Request to Staff (BOP Form BP-8½) regarding his offense categorization. Masters attached to that form a letter containing his arguments as to why the offense categorization was incorrect. That letter begins by stating that:

> On March 21, 2006, it came to my attention upon receipt of my last team review-custody review, that since the change of case managers my status for offender notification, pursuant to 18 U.S.C. §4042 et al, has been changed to "YES, current violence."

Prison officer J. Miles responded by letter dated June 19, 2006, stating that Masters' offense, possessing an unregistered explosive device in violation of 26 U.S.C. §§5861(d) and 5871, was correctly characterized as a "crime of violence" under BOP Program Statement 5162.04. Masters initiated the formal grievance process by filing a Form BP-229 on June 19, 2006, which the Warden's office rejected on July 14, 2006, as untimely. Masters appealed by filing a Form BP-230 on July 19, 2006, with the Mid-Atlantic Regional Office, which was rejected on August 3, 2006, for the same reason: that Masters' original grievance filed with the warden was untimely filed. Masters appealed that decision by filing a Form BP-231 on August 17, 2006, with the Central Office, which was rejected on September 1, 2006, again because Masters' original grievance was untimely filed. With respect to his other allegations, Masters has included an August 12, 2006 receipt from the warden's office acknowledging his grievance regarding "visiting list" and "other visiting complaints," but has not included his Form BP-229 or any other documentation.

## DISCUSSION

Federal prisoners are required to exhaust administrative remedies before filing a habeas corpus petition under 28 U.S.C. §2241. *United States v. Oglesby,* 52 Fed.Appx. 712, 714 (6th Cir. 2002) (*citing United States v. Wilson*, 503 U.S. 329, 335 (1992) and *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir. 1996)); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981) (petitioner not excused from exhausting claim challenging disciplinary charge even where he could not have done so prior to parole hearing); *Hardwick v. Ault*, 517 F.2d 295, 296 (5th Cir. 1975) ("[T]he federal courts have imposed upon federal prisoners the requirement that they 'exhaust their administrative remedies in accordance with Bureau of Prisons policy ...'"). This requirement is not mandated by the Prison Litigation Reform Act, but is wholly judge-made. *Wesley v. Lamanna*, 27 Fed.Appx. 438, 438-39 (6th Cir. 2001).

The administrative remedies for federal prisoners are set forth at 28 C.F.R. §§542.10-16 (2005). The dispositive regulation here requires the prisoner to initiate the grievance process by filing a Form BP-229 within twenty (20) days of the event grieved. 28 C.F.R. §542.14(a). In his letter attached to his Form BP-8½, Masters stated that he became aware of his changed offense categorization on March 21, 2006. However, Masters did not file his Form BP-229 until June 14, 2006, almost two months later, and far beyond the 20 days permitted under the regulations. The BOP's rejection of his grievances at each level of the appeals process was therefore in full accord with the BOP regulations. Because Masters did not properly exhaust his administrative remedies, this claim is barred on the merits. *Woodford v. Ngo*, 126 S.Ct. 2378, 2387 (2006) ("the PLRA exhaustion requirement requires proper exhaustion.").

With respect to his other allegations, the exhaustion requirement requires the prisoner to complete, not merely initiate, the grievance process prior to the filing of the petition. *Brown v.*

3

*Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). Because Masters has not demonstrated that he has exhausted his administrative remedies with respect to his other claims, they will be dismissed without prejudice. *Spencer v. Bouchard*, 449 F.3d 721, 726 (6th Cir. 2006) ("the partial-exhaustion rule is the law of this circuit").

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) The Section 2241 petition for habeas corpus [Record No. 1] is **DENIED.** Petitioner's claim regarding his offense categorization under 18 U.S.C. §4042 is **DISMISSED WITH PREJUDICE.** All other claims by Petitioner are **DISMISSED WITHOUT PREJUDICE.**

(2) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This the 20th day of October, 2006.

_____
KARL S. FORESTER, SENIOR JUDGE

4